UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.  Docket No.: 0410234-NMG

ANDRE PAGE

## DEFENDANT'S MOTION TO RE-CONSIDER ORDER DENYING PETITION FOR REVIEW OF DETENTION ORDER

Now comes the defendant, Andre Page, and respectfully requests that this Honorable Court reconsider its previous decision denying the Defendant's Petition for Review of Detention Order previously entered against him in this case. The defendant respectfully asks that this Court enter an order releasing him on conditions as set out below pursuant to 18 U.S.C. 3142.

## BIOGRAPHICAL INFORMATION

The biographical information contained in the Pretrial Services report and the information contained in the Magistrate's Order of Detention is accurate.

Of some significance to the issues presented in this petition the undersigned states that Mr. Page is a United States citizen. He has lived his entire life in Brooklyn, New York and has maintained continuous gainful employment as an adult.

Mr. Page is engaged to Ms. Monique Hamblin who is also a United States

citizen and resident of Brooklyn, New York.

Mr. Page has a criminal record in the state of New York but the undersigned has spoken with the defendant's lawyer in a pending case in the State of New York and expects to supplement this memorandum with additional information concerning this pending matter.

ADDITIONAL INFORMATION

The defendant has now been held since early June and there have been developments in the case as the parties have appeared at various discovery status conferences. The United States has made discovery disclosures and the state of the evidence in this case shows the following: Federal agents began investigating targets in this case in early 2004. Mr. Page was not one of the targets. The government focused on co-defendant Walsteen Allen and had both informant and direct undercover agent contact with him. The investigation proceeded with wiretap electronic surveillance of Allen and others. The defendant was never observed, surveilled, or subject to any intercepts in this case. The investigation developed, and throughout Mr. Page was unknown to authorities.

Page was first observed at the Prudential Mall on the day of his arrest. It appeared that he was accompanying Allen and others through the mall and at a restaurant. At the restaurant it is alleged that Page sat near the co-defendants and he was observed looking around. Page was also observed ordering and eating food at the restaurant. Allen sat with an undercover agent some distance

from Page and it is not alleged that Page had any participation in this conversation.

The defendants are then alleged to have traveled from the Prudential area by car to a warehouse in East Boston. At the warehouse, co-defendants Allen and Green entered and met with undercover agents where money (in a bag) and cocaine (also in bags) were to be exchanged. While this transpired in the warehouse, the defendant Page was seated behind the wheel of a car several hundred yards from the warehouse. Police arrested all parties. At the time of his arrest, Page was talking on the telephone (not to any- co-defendant). He was unarmed and did not try to flee.

The defendant was on bail from a state prosecution in the New York County Supreme Court in Manhattan. That case charges the defendant with a theft related offense. Page at the time had entered into a cooperation agreement with New York authorities. Page's help to authorities was to a group of firearm detectives with the New York Police Department. The undersigned has confirmed this information by conversation with the Assistant District Attorney from the New York County District Attorney's Office who is handling Mr. Page's case (Assistant D.A. George Vomvoulakis). The undersigned believes that the Assistant United States Attorney handling this case has also spoken with Mr. Vomvoulakis. The significance of this information is that the defendant maintains that he was in the process of trying to help himself when he had spoken with, and had contact with co-defendant Allen, before his arrest in this

case.

The defendant maintains his innocence in this case. He maintains that he did not know he was traveling to Boston from New York to engage in a cocaine deal. The lack of evidence against him and the information that he was actually in a cooperation posture in his New York case should serve as a compelling basis to reconsider the issue of bail and release in this case.

**REQUEST FOR RELEASE**

In light of all of this, the defendant puts forth the following conditions for release:

1. That the defendant be ordered to remain at a family member's residence in New York and subject to the electronic monitoring program with the exception of employment hours, visits to pretrial services and the Federal District Court in Brooklyn, visits with his attorneys, and scheduled court appearances.

2. That the defendant be subject to electronic monitoring;

3. That the defendant has no contact with any witness or any person associated with the government's case;

4. Any other condition that the Court deems appropriate to assure the appearance of the defendant and assure the safety of the community.

## CERTIFICATE OF SERVICE

    I, William Keefe, hereby certify that on this 29TH day of December, 2004, I mailed copies of the enclosed Defendant's Motion to Re-Consider Order Denying Petition for Review of Detention Order to be served on David Tobin, Esquire, Office of the United States Attorney, One Courthouse Way, Floor Nine, Boston, Massachusetts, 02210.


_____
William Keefe

Dated: 12/29/04