```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                              )
UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO. 04-10234-NMG
                              )
WALLSTEIN ALLEN, ET AL.       )
                              )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT PAGE'S MOTION FOR SEVERANCE

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby requests that this Honorable Court deny Defendant Andre Page's ("Page") Motion for Severance. Page argues that his trial should be severed from the trial of Co-defendant Michael E. Green ("Green") because Green made a post-arrest statement "which tends to inculpate" Page and Green's trial strategy will be to argue that Page "was a knowing participant in the crimes alleged in the indictment but Green was not." According to Page, he and Green have antagonistic defenses warranting severance. Page argues that a joint trial will violate his rights as explicated in *Bruton v. United States*, 391 U.S. 123 (1968). Page's contention is incorrect and a joint trial with Green will in no way violate his rights.

Green's post-arrest statement (Attached as Exhibit A) does not incriminate Page. In fact, Green's statement exculpates Page from the criminal activity alleged in the indictment. According to Green's statement, on the night before the trip to Boston,

Green overheard Allen telling Page that he (Allen) was going to Boston to steal clothes and pick up liquor for a party. This would suggest that Page had no knowledge that the real purpose of the trip to Boston was to pick up approximately 105 kilograms of cocaine.

Page has failed to specify which portion of Green's post-arrest statement he believes inculpates Page. If this Court concludes that any portion of Green's statement does inculpate Page, the proper remedy is not severance, but redaction of that portion of Green's statement. *See Richardson v. Marsh*, 481 U.S. 200, 208-211 (1987)

Pages's argument that his trial should be severed from Green's trial because the he and Green have antagonistic defenses is also without merit. In *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993), the Supreme Court made it clear that "[m]utually antagonistic defenses are not prejudicial per se," and further noted that "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion."

For severance based on antagonistic defenses to be warranted, the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive. The defenses must be so antagonistic that the jury, in order to believe the defendant, must necessarily disbelieve the defense of the other

defendant.  *United States v. Angiulo,* 897 F.2d 1169, 1195 (1st Cir. 1990).

Based on Page's counsel's affidavit, Page and Green do not have antagonistic defenses.  According to Page's counsel's affidavit, Green's lawyer stated that Green's defense strategy will be to maintain that Page was a knowing participant in the alleged crimes. This "strategy" does not give rise to antagonistic defenses.  How such a "strategy" will benefit Green is a mystery.  It is immaterial to Green's guilt or innocence if Page knew or did not know the real purpose behind the trip to Boston.  Moreover, Green has no legitimate way to press this "strategy."  Green will not be permitted to testify that in his opinion Page is guilty of the offenses.

For the reasons stated above, the United States respectfully requests that this Honorable Court deny Page's Motion for Severance.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   */s/: David G. Tobin*
                              DAVID G. TOBIN
                              Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 25, 2005.

                                                */s/ David G. Tobin*
                                                David G. Tobin