UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                              CR. NO. 04-10234-NMG

ANDRE PAGE

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Andre Page, by his attorney, submits that he should not receive a sentence any longer than the applicable statutory mandatory minimum of his offense of conviction.

Mr. Page submits that contrary to the conclusions of the probation office, his criminal history does not qualify him for career offender sentencing provisions. The probation office has erroneously concluded that his conviction for third degree robbery is a crime of violence and without that conviction he does not have sufficient prior convictions for career offender sentencing.

Mr. Page submits that the probation office erroneously concluded that he should not receive role adjustments per §3B1.2. Mr. Page asserts that the jury concluded he was a knowing participant in the conspiracy, but the trial evidence showed no more than he traveled with Wallstein Allen to Boston for the purpose of driving the cocaine back to New York. The leaders of this conspiracy were co-operating co-defendant Wallstein Allen and his uncle, Raymond Austin. Austin resides outside the United States. There is no other evidence to suggest Mr. Page had any further role in this conspiracy.

The indictment was the result of a long investigation which included months of Title III wiretap evidence. Mr. Page was not intercepted on any Title III recording engaged in criminal conversation relating to this drug conspiracy; nor was he identified directly or indirectly as being involved in the conspiracy. Wallstein Allen enlisted Mr. Page only at the last moment to serve

his, Allen's, need for a courier. Mr. Page should receive a mitigating role adjustment decreasing his offense level.

Mr. Page submits that his total offense level is properly calculated from a base offense level 36, decreasing for §3B1.2(a) adjustment yielding a total offense level 32. The guideline sentencing range with criminal history category III is 151-188 months.

Mr. Page was convicted for his role in a conspiracy to distribute cocaine. Allen will benefit from the inequities of the law and be rewarded for his testimony at trial against this underling with the government's 5K1.1 motion. Such is the wisdom of Congress and the exercise of prosecutorial discretion by the United States Attorney.

That being so, a guideline sentence of 360 to life is unfair, unreasonable and unjust.

Mr. Page should be sentenced to no more than the statutory mandatory minimum sentence. This would require a departure from the advisory guideline range determined by the Court or a fair and just sentence pursuant to 18 U.S.C.§3553(a).

                                ANDRE PAGE
                                By his attorney,


                                 /s/ Elliot M. Weinstein
                                Elliot M. Weinstein
                                BBO #520400
                                83 Atlantic Avenue
                                Boston, MA 02110
                                617-367-9334

May 22, 2006