```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

                                )
UNITED STATES OF AMERICA        )
                                )
        v.                      )  CRIMINAL NO. 04-10234-NMG
                                )
ANDRE PAGE                      )
                                )
```

### GOVERNMENT'S RESPONSE TO DEFENDANT ANDRE PAGE'S SENTENCING MEMORANDUM

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin and William Connolly, Assistant U.S. Attorneys, and hereby submits to this Honorable Court a response to defendant Andre Page's Sentencing Memorandum.

The United States disagrees with defense counsel's position that defendant Andre Page's (Page) conviction in the State of New York for third degree robbery is not a crime of violence, and that Page is not a career offender pursuant to U.S.S.G. § 4B1.1. Under the New York Penal Code, a person is guilty of robbery in the third degree, a Class D felony, when he forcibly steals property. The use of force is an explicit element of the crime. As such, robbery in the third degree may be used as a predicate offense to establish that the defendant is a career offender.

In pertinent part, U.S.S.G. § 4B1.1(a) requires that a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" in order to be considered a career offender. U.S.S.G. § 4B1.2

defines the term "crime of violence" to mean any offense under federal, or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

    In the application notes to U.S.S.G. § 4B1.2, it is specified that the term "crime of violence" includes "robbery." The same application note specifies that the "crime of violence" requirement is satisfied where "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives... or, by its nature, presented a serious potential risk of physical injury to another." The United States submits that robbery in the third degree requires the use of physical force and by its very nature presents a serious potential risk of physical injury to another. The united States further submits that page is a career offender. The Presentence Report (at paragraph 48) details how the Page and his accomplices punched the victim of the robbery in the face, head, body, and arms causing substantial pain. The Presentence Report also states that Page "also displayed a razor knife and attempted to use it against the individual, but he was stopped by

2

a security guard."

Defendant's counsel argues for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2 and asserts that Page's involvement was limited to traveling with Wallstein Allen to Boston for the purpose of driving cocaine back to New York.  The United States submits that defense counsel's review of the facts is incomplete.  Page knew in advance that the purpose of the trip to Boston was to pick up cocaine and, most significantly, recruited Michael Green into the conspiracy.  As a result of his actions, Page should receive at least a three level increase pursuant to U.S.S.G. § 3B1.1, as a manager or supervisor of a criminal activity involving five or more participants (Page, Allen, Green, Perry, Austin) or otherwise extensive.

The United States agrees with U.S. Probation that Page's Base Offense Level is 36 based on the 105 kilograms the jury found were involved in this case.  The United States contends that Page committed perjury during his trial testimony and should receive a two level enhancement pursuant to U.S.S.G. § 3C1.1.  The United states further submits that Page should receive a three level increase pursuant to U.S.S.G. § 3B1.1 because of his role as a manager or supervisor in the conspiracy.  The resulting Adjusted Offense Level would be 41.  The United States agrees with U.S. probation that because page is a career offender his Criminal History Category is VI.  Page's Guideline sentence is

3

360 months to life.

    The United States agrees with U.S. Probation that Page faces a mandatory minimum sentence of twenty years imprisonment because the United States filed a notice of a prior felony conviction for a drug offense under 21 U.S.C. § 851 (see Presentence Report at paragraph 47).  The United States respectfully recommends that Page should be sentenced by this Honorable Court to 360 months confinement.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                                By:/s/ David G. Tobin
                                  DAVID G. TOBIN
                                  WILLIAM CONNOLLY
                                  Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                  /s/ David G. Tobin
                                  DAVID G. TOBIN
                                  Assistant United States Attorney

Date: May 23, 2006