# United States Court of Appeals
## For the First Circuit

No. 06-2006

UNITED STATES OF AMERICA,
Appellee,

v.

ANDRE PAGE,
Defendant, Appellant.

Before

Lipez, Cyr[*] and Howard, <u>Circuit Judges,</u>

**Order of Court**
**Entered: September 3, 2008**

The March 28, 2008, opinion of the court is modified as follows: On page 7, lines 2 through 6, delete

"Experience-derived police testimony concerning criminals' typical <u>modi operandi</u> during a drug transaction does not constitute expert testimony, but lay-witness testimony admissible under Federal Rule of Evidence 701 without any necessity for pretrial disclosure to the defense."

and insert instead

"Experience-derived police testimony concerning criminals' typical <u>modi operandi</u> during a drug transaction does not automatically constitute expert testimony, but depending on the content and circumstances can be (and here is) lay-witness testimony admissible under Federal Rule of Evidence 701 without necessity for pretrial disclosure to the defense. <u>Ayala-Pizarro</u> does not, contrary to Page's argument, establish a rule that all experienced-based police officer testimony is per se admissible under Rule 701."

---

[*]Judge Cyr retired from the Court on March 31, 2008, and did not participate in consideration of this matter.

At the end of this new text, insert a new footnote (number 2)

> "One circuit has apparently misread Ayala-Pizarro as doing so. See United States v. Oriedo, 498 F. 3d. 593, 603 n.10 (7th Cir. 2007). To the extent Oriedo may be read as suggesting that all experienced-based police testimony must be expert testimony, that is contrary to our view of the law."

The remaining footnotes are to be renumbered accordingly.

                    By the Court:

                    /s/ Richard Cushing Donovan, Clerk

cc: Hon. Nathaniel M .Gorton and Ms Sarah Thornton, Clerk, United States District Court for the district of Massachusetts, Mr. Tobin, Ms. Chaitowitz, Mr. Quinlivan, Mr. Bussert & Mr. Norris.